# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BRIONA HUBBARD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 2:22-cv-00399-ACA |
| ) | |
| **BEST IN TOWN, INC., d/b/a THE** ) | |
| **FURNACE,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Plaintiff Briona Hubbard has filed a motion pursuant to Federal Rule of Civil Procedure 59(e), asking the court to alter, amend, or vacate the court's June 15, 2023 order dismissing this action. (Doc. 30).

"The only grounds for granting [a Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). Plaintiff's motion does not argue or establish that she has discovered new evidence or that the court committed manifest error of law or fact. (*See generally* doc. 30). Therefore, although not required to do so because of Plaintiff's counseled status, based on the substance of the motion, the court will construe the motion as one for relief from judgment under Federal Rule of 60(b)(1) for excusable neglect.

Because Plaintiff's counsel has not shown excusable neglect, the court **DENIES** the motion.

## I.   BACKGROUND

Plaintiff filed this action in March 2022. (Doc. 1). The parties engaged in discovery and failed to settle the case during mediation. (*See* docs. 15, 16, 17). The court extended the discovery and dispositive motion deadline and ordered the parties file dispositive motions on or before May 29, 2023. (Doc. 21; *see also* doc. 26). When no party filed a dispositive motion by the deadline, the court set this case for a telephone conference at 9:30 a.m. on June 12, 2023. (Doc. 27). According to the court's records, Plaintiff's counsel Kira Fonteneau and Defendant's counsel W. Henry McGowen, III received electronic notification of the order at the email addresses each registered with CM/ECF to receive notices of filing.

The undersigned's courtroom deputy began the June 12, 2023 call at 9:27 a.m. Neither Ms. Fonteneau nor Mr. McGowen dialed in for the call. Thereafter, the undersigned's courtroom deputy spoke with someone at Ms. Fonteneau's office who indicated he would get a message to Ms. Fonteneau. Ms. Fonteneau did not contact the court after the courtroom deputy's attempts to reach her on the morning of June 12, 2023. At 1:15 p.m. on June 12, 2023, the court entered an order setting a hearing for 2:00 p.m. on June 14, 2023. (Doc. 28). The order instructed Ms.

Fonteneau and Mr. McGowen to appear in person and explain their failure to appear for the June 12, 2023 telephone conference. (*Id.*). The court's records indicate that both Ms. Fonteneau and Mr. McGowen received electronic notification of the order setting the hearing at the email addresses they registered with CM/ECF to receive electronic notices of filing.

Neither Ms. Fonteneau nor Mr. McGowen appeared for the June 14, 2023 hearing. While on the record,[1] the undersigned's courtroom deputy attempted to call Ms. Fonteneau and Mr. McGowen at the telephone numbers listed for them on the court's docket sheet. The courtroom deputy was unable to reach anyone at the number listed for Ms. Fonteneau. The court did not receive any communication from Ms. Fonteneau after the attempts to reach her during the June 14, 2023 hearing.

On June 15, 2023, the court entered an order dismissing this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with court orders based on Plaintiff's counsel's failure to appear for two court-ordered hearings without explanation or communication with the court. (Doc. 29).

---

[1] A court reporter was present for the June 14, 2023 hearing and a transcript is available upon request.

## II.   DISCUSSION

Under Rule 60(b)(1), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . excusable neglect." Fed. R. Civ. P. 60(b)(1).

Neglect includes "inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Asso. Ltd. P'ship*, 507 U.S. 380, 388 (1993). The determination of whether neglect is excusable is an "equitable one, taking into account all relevant circumstances surrounding the party's omission," including "[1] the danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* at 395. The Eleventh Circuit has noted that in *Pioneer*, "the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

Plaintiff's counsel explains that she did not receive notice of the June 12, 2023 telephone conference or the June 14, 2023 hearing because she does not personally receive notices of electronic filings that are sent to the email address she provided through the court's CM/ECF system. (Doc. 30 at 2 ¶¶ 5–6). Instead,

4

Plaintiff's counsel's paralegals are tasked with forwarding all notices of filing to counsel. (*Id.* at 2 ¶¶ 3, 6). Over the past two months, both of Plaintiff's counsel's paralegals have been on maternity leave, which left counsel with temporary support staff who are less familiar with counsel's process for making her aware of filings. (*Id.* at 2 ¶ 7).

On the morning of June 20, 2023, Plaintiff's counsel realized she had not received notices from the Northern District of Alabama for some time and began to review her cases. (*Id.* at 2 ¶ 8). That is when Plaintiff's counsel discovered she had not received the court's orders setting the June 12, 2023 telephone conference and the June 14, 2020 hearing. (Doc. 30 at 2 ¶ 9). Plaintiff's counsel has acknowledged it is her responsibility to maintain her dockets, and she takes "full responsibility" for the failures that led to her missing two court-ordered appearances. (*Id.* at 3 ¶ 11).

Plaintiff's counsel has not shown that her neglect in failing to appear for two court-ordered hearings was excusable warranting relief from the court's dismissal order. Applying the relevant factors, the court finds the defendant would suffer prejudice in that it would be required to continue to defend this action. That prejudice alone may be slight, given that the defendant did not file a dispositive motion and presumably understood that the case would proceed to trial. But the interest of efficient judicial administration and other factors weigh against a

finding of excusable neglect. The court expended time and resources not only preparing for a telephone conference and a hearing but also attempting to contact Plaintiff's counsel twice to determine why she was not present for the telephone conference and hearing. Moreover, Plaintiff's counsel's failure to appear for the telephone conference and the hearing were entirely within her control. Plaintiff's counsel chose to provide an email account that she did not personally monitor to receive electronic notification of court filings. Although Plaintiff's counsel may now regret that choice, it is counsel's responsibility to ensure she is apprised of court orders and other filings.

Although not advised or condoned, had Plaintiff's counsel missed one court appearance, such a failure may constitute excusable neglect. But here, after Plaintiff's counsel failed to dial in for the telephone conference, court staff contacted an individual who answered a call to the telephone number Plaintiff's counsel provided to the court. The court has no reason to believe that the individual who Plaintiff designated to answer her registered telephone number did not—as he said he would—get a message to Plaintiff's counsel about her failure to appear for the telephone conference. At that point, Plaintiff's counsel should have become aware that she was not receiving court orders and taken steps to remedy the situation. Instead, Plaintiff's counsel did not communicate with the court after

court staff spoke with someone associated with her office, and she then missed a second hearing just days later.

Plaintiff's counsel requests that the court set aside the dismissal order so that the plaintiff "is not harmed by the clerical errors on her Counsel's part that caused her Counsel not to appear as required by the Court." (Doc. 30 at 3 ¶ 13). But litigants are "held accountable for the acts and omissions of their attorneys." *Pioneer*, 507 U.S. at 396. And as explained above, Plaintiff's counsel has not shown her neglect in failing to appear for two court-ordered hearings was excusable.

### III. CONCLUSION

Because Plaintiff's counsel has not shown excusable neglect for her failure to attend two court-ordered settings, the court **DENIES** Plaintiff's motion for relief from the court's dismissal order.

**DONE** and **ORDERED** this June 28, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE